E. COLLINS *v.* J. HALLIER, Administrator.

The law does not prohibit an allowance of alimony, when a proper case is shown, to illegitimate colored children, out of the succession of their father.

APPEAL from the District Court of St. Landry, *Dupre,* J.
*T. H. Lewis, Porter & Martel,* and *Hardy,* for plaintiff. *B. F. Linton,* and *E. N. Cullam,* for defendant and appellant.

LEA, J. The defendant is appellant from a judgment against him in his capacity as administrator of the estate of *Julien C. Genor,* for alimony claimed on behalf of two illegitimate colored children of the deceased.

The appellees have not asked for any change of the judgment in their favor; they merely ask for an affirmance of the judgment granting the alimony. Our investigation is, therefore, limited to the sole inquiry, whether the evidence supports a judgment for alimony?

It appears from the evidence *received without objection,* that the deceased died, leaving two illegitimate colored children, who are destitute of the means of support, unless the title to a lot of ground, with improvements, of which a donation was made to one of the children, be recognized as valid, which is disputed by the appellant. Though the issue, with reference to the title to this lot of ground and the validity of the donation, was expressly made in the pleadings, it was wholly overlooked in the judgment appealed from, nor has any reference been made to this fact in the brief of the counsel for the appellant, the only one with which we have been furnished.

As the appellant denies title in the appellees to the lot in question, and no such right has been recognized by the judgment of the court, the case is presented of an application on the part of two illegitimate colored children, in apparently destitute circumstances, claiming alimony from their father's estate. Nothing in the law prohibits such an allowance. See Civil Code, Arts. 246, 247, 259. And the position of the appellee precludes an objection, on the ground that a sufficient maintenance had been provided by the donation referred to in the pleadings. So far as respects the amount allowed for alimony, we think it cannot be complained of as unreasonable.

It is ordered, that the judgment appealed from be affirmed.